UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0087 (PJS/LIB) |
| | Case No. 14-CV-0849 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| SHAWN ALLEN ROERING, | |
| Defendant. | |

Shawn Allen Roering, defendant pro se.

Defendant Shawn Roering pleaded guilty to one count of being a felon in possession of a firearm. After finding that Roering was subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the Court sentenced him to 204 months in prison and 5 years of supervised release. ECF No. 50. The Eighth Circuit summarily affirmed Roering's conviction and sentence. ECF No. 60.

This matter is before the Court on Roering's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons stated below, the motion is denied. Because the record conclusively demonstrates that Roering is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

The ACCA imposes a mandatory 15-year minimum prison sentence on felon-in-possession defendants who have three previous convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e). The "residual clause" of the ACCA defines a "violent felony" as an offense that "involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B)(ii). The Court found that Roering's previous

conviction for fleeing a police officer in a motor vehicle under Minn. Stat. § 609.487, subd. 3 qualified as a violent felony under this clause.

Roering argues that the Court erred in making this finding because it applied the "categorical approach" to determine whether a conviction under § 609.487, subd. 3 qualifies as a violent felony. Under the categorical approach, courts look only to the fact of conviction and the statutory definition of the offense. *United States v. Tucker*, 740 F.3d 1177, 1179 (8th Cir. 2014) (en banc). Roering argues that the Court should instead have used the "modified categorical approach," under which the Court may consult "a limited class of documents, such as indictments and jury instructions," to determine whether the offense qualifies as a violent felony. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

The Eighth Circuit, however, applied the categorical approach to hold that convictions under § 609.487, subd. 3 qualify as violent felonies. *United States v. Bartel*, 698 F.3d 658, 662 (8th Cir. 2012). After examining the statutory definition of "flee," the Eighth Circuit held that "ordinary violations of the Minnesota statute do present a serious risk of injury to others" even though it is theoretically possible to violate the statute in a way that does not present such a risk. *Id.* As the Eighth Circuit explained, "the categorical approach does not require that 'every conceivable factual offense covered by a statute . . . necessarily present a serious potential risk of injury before the offense can be deemed a violent felony.'" *Id.* (quoting *James v. United States*, 550 U.S. 192, 208 (2007)). Roering's argument that the possibility of violating § 609.487, subd. 3 in a non-risky manner requires the modified-categorical approach is simply incorrect. His § 2255 motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 65] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 28, 2014                s/Patrick J. Schiltz
                                                         Patrick J. Schiltz
                                                         United States District Judge